# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 7 |
| § | | Case No. 25-10994 |
| COLLINS ASSET GROUP, LLC, § | | |
| § | | |
| Debtor. § | | U.S. Bankruptcy Court for the |
| § | | District of Delaware |
| JUDY A. MUSGROVE, individually and § | | |
| as beneficiary of the Mainstar Trust, § | | |
| Cust. FBO Judy A. Musgrove IRA, *et al.*,[1] § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | Adv. Proc. No. 25-05047-CAG |
| § | | |
| BROOKLYN CHANDLER WILLY, *et al.*,[2] § | | |
| § | | |
| § | | Removed from the District Court |
| Defendants. § | | For Bexar County, Texas |
| § | | Cause No. 2023-CI-22575 |
| JOHN PATRICK LOWE in his capacity as § | | |
| Court Appointed Receiver § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| COLLINS ASSET GROUP, LLC, *et al.*,[3] § | | |
| § | | |
| Defendants. § | | |

---

[1] Plaintiffs with Judy A. Musgrove include Kathleen E. Priebe, Martha Gomez, Paul D. Sheetz, Wanda Sheetz, Alvin Zigmond, Sharon Zigmond, Dan A. Doolittle, Kelly M. Doolittle, Carolyn Newman, and Tammara Owrey, Travis Mitchell, and Donna Mitchell.

[2] Defendants with Brooklyn Chandler Willy include Queen B Advisors, LLC d/b/a Texas Financial Advisory, Ferrum Capital, LLC, Ferrum IV, LLC, Mike L. Cox, Joshua L. Allen, Collins Asset Group, LLC, Oliphant Financial, LLC, Walt Collins, and Ryan Project Funding, LLC.

[3] Defendants with Collins Asset Group, LLC include Oliphant Financial, LLC, Oliphant USA, LLC, Accelerated Inventory Management, LLC, Hollins Holdings, and Hollins Holding LLC.

## RESPONSE TO PLAINTIFFS' MOTION FOR ABSTENTION AND REMAND

Oliphant Financial, LLC, Oliphant USA, LLC, Accelerated Inventory Management, LLC and Oliphant, Inc.[4] (the "**Removing Parties**") submit this Response (the "**Response**") to *Plaintiffs'* ("**Plaintiffs**") *Motion for Abstention and Remand* ("**Plaintiffs' Remand Motion**") and respectfully state as follows:

### BACKGROUND

1. On June 4, 2025, (the "**Petition Date**"), Collins Asset Group, LLC (the "**Debtor**") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Case No. 25-10994. George L. Miller was appointed Chapter 7 Trustee for the Debtors (the "**Chapter 7 Trustee**"). On that same day, Hollins Holding, Inc. also filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Case No. 25-10995.

2. On June 6, 2025, the Oliphant Parties filed *Notice of Removal* (the "**Removal**") initiating the current Adversary Proceeding before the Western District Bankruptcy Court (the "**Court**") Case No. 25-05047-CAG (the "**Adversary Proceeding**"). Immediately following the Removal, the Removing Parties filed a *Notice of Filing Notice of Removal* in Case No. 2023CI22575 (the "**Removed Case**").[5]

3. On July 7, 2025, the Plaintiffs filed Plaintiffs' Remand Motion. Also on that date, John Patrick Lowe, the state appointed receiver in the Removed Case, filed his *State Court Receiver's Motion to Abstain and Remand* (the "**Receiver's Remand Motion**").[6]

---

[4] Oliphant, Inc. was inadvertently included as a Removing Party. No prejudice resulted from this easily correctable error.
[5] The Notice was served on all parties listed on the Certificate of Service below.
[6] Plaintiffs' Remand Motion and Receiver's Remand Motion take inconsistent positions on remand. For example, the Receiver claims to own, and does not seek remand of, many claims sought to be remanded by Plaintiffs.

4. The Plaintiffs' Second Amended Petition in the Removed Case ("**Plaintiffs' Petition**"), attached as <u>Exhibit A</u>, would give any Federal or Bankruptcy Court practitioner hives. It joins multiple defendants, contains 87 pages, 354 numbered paragraphs and "XXXII" Counts, at least XIII of which are against "All Defendants" jointly and severally, including Debtor and the Removing Parties.[7] The "Gordian Knot" of claims contained in the Plaintiffs' Petition makes it exceedingly difficult to segregate which of the Plaintiffs' claims may be subject to remand or abstention.

5. The Plaintiffs' Remand Motion, however, provides a potential path through the labyrinth by conceding that they do not dispute that "the [this] Court should retain jurisdiction of their claims against the Debtors."[8] Additional guidance is provided in the Receiver's First Amended Petition in the Removed Case which states:

> Plaintiffs in this case have asserted claims against Collins, the Oliphant Entities, Allen, and Brooklyn Willy under TUFTA. The Receiver notifies the Court and all parties that, to the extent those claims involve the transfers of money from Ferrum capital (sic) to Collins, the Receiver contends the claims belong to and are the claims of the Receiver for the benefit of creditors of the Ferrum Capital Receivership Estate. <u>The Receiver contends that his standing and right to assert these claims is superior to the right of Plaintiffs. The Receiver steps into the shoes of the Plaintiffs and other creditors of the Receivership Estate as to those claims.</u>[9]

Critically, the Receiver does not seek remand of these claims.[10]

6. The Plaintiffs' Remand Motion, p. 8, contains a chart that purports to identify the defendants that are the subject of their XXXII Counts. Subject to the discussion below, and subject to the comments of other counsel, it appears that the following Counts are subject to remand:

---

[7] "I didn't have time to write a short letter, so I wrote a long one instead.". *Mark Twain*.
[8] Plaintiffs' Remand Motion, n. 3.
[9] Receiver's First Amended Petition, ¶ 35.
[10] Receiver's Remand Motion, n. 8.

    Count IX
    Count XVII

7. By Order dated July 25, 2025, the Delaware Bankruptcy Court transferred venue of the Collins Asset Group, LLC and Hollins Holdings, Inc. bankruptcy cases to the Western District of Texas.

8. With respect to the remaining morass of claims asserted by the Plaintiffs, the Removing Parties submit the following.

## ARGUMENT AND AUTHORITY

### A. The Oliphant Parties Properly Removed the Adversary Proceeding to the Bankruptcy Court.

9. The Plaintiffs' challenge to removal is without merit. The Removing Parties properly removed the Plaintiffs' claims pursuant to sections 1334 and 1452 of Chapter 28 the United States Code. This Court is the proper forum for the removed claims as it exercises original jurisdiction over each of the Plaintiffs claims by virtue of the claims either arising under, arising in, or being related to, title 11 of the United States Code (the "**Bankruptcy Code**").

10. District Courts, and this Court pursuant to the Western District Court's Standing Order of Reference, exercise original jurisdiction over cases that arise under, arise in, or relate to cases under title 11.[11] This jurisdiction encompasses claims known as "core" claims and claims that are related to the bankruptcy case.[12]

11. This Court may exercise jurisdiction over each of the removed claims based on the Court's "related to" jurisdiction. Indeed, a party may properly remove a case to federal court based on related to subject matter jurisdiction alone.[13] Related to jurisdiction is broadly defined to include

---

[11] 28 U.S.C. 1334(b)
[12] *Id.*
[13] *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007).

any litigation of which the outcome could conceivably affect the administration of the estate or could alter the debtor's rights, liabilities, options, freedom of action, or would otherwise influence the administration of the estate.[14]

12. Related to jurisdiction exists if resolution of a third party's liability on an independent matter would reduce the amount of damages for which the debtor may be liable.[15] When, as is the case here, the parties hold an interconnected web of interests in which it is conceivable that resolution of any one claim will affect the debtor's estate, the court properly exercises related to jurisdiction.[16]

13. Despite the Removing Parties' proper basis for removal, the Removing Parties agree that a few of the Plaintiffs' claims could potentially be subject to remand, if they had been pled differently or if the claims were still held by the Plaintiffs. However, as the Removing Parties properly pleaded in their Removal and reiterate today, many of the underlying claims alleged by the Plaintiffs are core claims which the Plaintiffs no longer have standing to bring. Accordingly, to the extent that the Plaintiffs' Remand Motion generally alleges claims that concern the administration of the bankruptcy estate or allege claims properly held by the Receiver, their argument fails and does not serve as a proper basis for remand.

14. The Removing Parties stated in their Removal that certain claims against the Debtor and themselves are core claims that are properly resolved together with the administration of the bankruptcy estate.[17]

---

[14] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank, P.L.C.*, 594 F.3d 383, 386 (5th Cir. 2010) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007)).
[15] *VSP Labs, Inc. v. Hillair Cap. Invs. LP*, 619 B.R. 883, 897 (N.D. Tex. 2020), aff'd sub nom. *Matter of PFO Glob., Inc.*, 26 F.4th 245 (5th Cir. 2022) (holding that state law claims of aiding and abetting were interconnected with the debtor's liability and thus related to the bankruptcy proceedings, establishing the bankruptcy court's jurisdiction over the state law claims).
[16] *Id.*
[17] *See* Notice of Removal, p. 8.

15. The Plaintiffs fail to address this fact in the Remand Motion. However, it remains true that causes of action that substantively impact the claims resolution process, involve distribution of estate property, and the debtor-creditor relationship are properly litigated in the bankruptcy court.[18]

**B. The Plaintiffs' Claims Against the Oliphant Parties Are Intertwined with the Claims Asserted Against the Debtor.**

16. The Plaintiffs accuse the Removing Parties of being insiders to the Debtor and beneficiaries of the alleged fraudulent transfers that occurred as part of the "Ponzi" scheme allegedly perpetrated by the Debtor and other insiders of the Debtor. Based on the Plaintiffs' theory of liability, each claim against the Removing Parties necessarily involves claims against the Debtor.[19]

17. The Plaintiffs reflect this theory of liability in their Remand Motion in which numerous and amorphous claims against the Removing Parties (and others) are joined with a claim against the Debtors. This scattershot style of pleading results in an interconnected web of claims, the resolution of which implicate property of the estate and the claims resolution process within the bankruptcy.

18. Out of the XXXII counts detailed in the Plaintiffs' claims chart, XXVIII are against the Removing Parties. All claims against the Removing Parties are asserted jointly against the Debtor and no claim is asserted against the Removing Parties that is not also asserted against the Debtor. A substantial number of these claims are based on the alleged fraudulent transfers perpetrated by the Debtor based on the Removing Parties' status as insiders and alleged beneficiaries of these allegedly fraudulent transfers.

---

[18] *Yaquinto v. JGB Collateral, LLC*, No. 3:20-CV-2847-B, 2021 WL 2386143, at *3 (N.D. Tex. Jan. 26, 2021) (holding TUFTA claims were "core" and denying motion to withdraw the reference).
[19] *VSP Labs, Inc.* 619 B.R. at 897.

19. Resolution of the Plaintiffs' claims against the Removing Parties, therefore, necessitates resolution of the Receiver's claims under TUFTA which, following the Debtor's petition for relief, are property of the bankruptcy estate and may only be brought by the Chapter 7 Trustee.[20] The Plaintiffs acknowledge that the Court ought to retain jurisdiction over the claims against the Debtor, but ignore the fact that resolution of any claim they purport to hold against the Removing Parties also requires resolution of the claims asserted against the Debtor.[21]

20. Practically speaking, resolution of the Plaintiffs' claims against the Removing Parties involves the litigation of claims and the recovery of funds that are property of the estate. As pled by the Plaintiffs, the claims asserted jointly against the Removing Parties are inextricably intertwined and cannot be separated for purposes of the Plaintiffs' remand.[22]

21. Based on the Plaintiffs' pleading, adjudication of the claims against the Removing Parties in state court would require separate determination of the Debtor's liability under TUFTA before both the bankruptcy court and the state court in Bexar County. This process would inevitably implicate property of the estate and affect the administration of the bankruptcy estate. Because the claims are inextricably intertwined and will have such a profound effect on the administration of the bankruptcy estate, remand is inappropriate in this instance.

C. **This Court Should Not Remand Certain of Plaintiffs' Claims to State Court to the Extent that Such Claims are Core to the Bankruptcy Proceeding.**

*Counts 1, 2, 4, 5, 6, and 24 – Conspiracy to violate; Aiding and Abetting and Violation of the Texas Securities Act §§ 4008.051, 4008.052, 4008.101, 4008.102, and 4001.058, for untruth and*

---

[20] As discussed above, these are the very claims that the Receiver asserts Plaintiffs no longer have standing to assert and with respect to which the Receiver does not seek remand.
[21] Plaintiffs' Remand Motion, n. 3.
[22] *See, e.g., Gisinger v. Patriach*, 2016 WL 6083981, at *3 (S.D.N.Y. Oct. 18, 2016) (finding "related to" jurisdiction over claims against former CEO where, among other things, the proceedings were "inextricably intertwined by virtue of the identical facts and assertions" against both the CEO and the debtor); *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333 (2d Cir. 2018) (finding related-to jurisdiction over investors state court litigation against financial institutions for allegedly aiding and abetting Madoff Ponzi scheme) (cited with approval and as consistent with Fifth Circuit law by *In re WC Alamo Indus. Ctr., LP*, 2023 WL 8531544, at *6 (Bankr. W.D. Tex. Dec. 8, 2023)).

*omissions, registration violations and receiving unconscionable commissions related to the sale of unregistered investments.*

22. The Plaintiffs broadly assert these claims against all defendants and seek damages joint and severally. Accordingly, it is not clear, based on the Remand Motion, that these claims are not owned by the bankruptcy estate. In fact, for the reasons stated herein, they are either already claims of the bankruptcy estate or they are inexorably intertwined with the claims held by the bankruptcy estate or, at the very least, implicate the related to jurisdiction of this Court. Accordingly, the Removing Parties urge that neither abstention nor remand is proper.

*Count 3 – Violation of Texas Securities Act § 4008.052*

23. Abstention and Remand of Count III is improper because it is inextricably intertwined with resolution of Count XXIV. Count XXIV alleges that the Debtor and the Removing Parties aided and abetted Queen B and Willy in violation of the Texas Securities Act. Under applicable law, resolution of the claims against the Debtor and the Removing Parties are dependent on resolution of Count III. Accordingly, the Removing Parties assert that abstention and remand are improper.

*Count 7 and 8 – Breach of Fiduciary Duty and Aiding and Abetting and Conspiracy and Breach of Fiduciary Duty*

24. Similarly, Counts VII and VIII are hopeless intertwined. The Plaintiffs allege breach of fiduciary duty by Cox, Allen, Willy, Barrera, MLC, MCKC, Allen Financial Agency, Landzacha, and Queen B in Count VII and then allege that the Debtor and the Removing Parties aided and abetted this alleged breach in Count VIII. Based on the nature of the Plaintiffs' pleading the claims against third parties will inevitably affect the administration of the Debtor's estate. Count VII and VIII both require resolution of the Plaintiffs' claims against the Debtor and are thus properly litigated before this Court.

25. Additionally, both the Plaintiffs' claim for breach of fiduciary duty against the Debtor and their claims for aiding and abetting against all Defendants are property of the estate and may only be brought by the Chapter 7 Trustee.[23] To the extent that such claims are owned by the bankruptcy estate, Removing Parties assert that abstention and remand are improper.

*Count 9 – Breach of Promissory Notes against Ferrum Capital, Ferrum IV and RPF*

26. The Oliphant Parties takes no issue with the remand of Count IX.

*Count 10 – Breach of Promissory Notes against CAG and the Oliphant Parties*

27. The Plaintiffs are not the proper party to seek remand of this cause of action. As stated above, the Receiver has asserted that he holds these claims and does not seek remand.

*Counts 11 and 12 – Money Had and Received and Fraud and Civil Conspiracy to Commit Fraud*

28. The Plaintiffs' Remand Motion fails to demonstrate that these claims are non-core or that they should be remanded. To the extent that the causes of action are distinct from claims against the Debtor and do not implicate the administration of Debtor's estate, the Removing Parties take no issue with the abstention and remand of these claims. However, Plaintiffs' Remand Motion fails to make this distinction by listing the claim as being against all Defendants, including the Debtor.

*Count 13-16 – Fraud and Civil Conspiracy to Commit Fraud and Declaratory Judgment against CAG and the Oliphant Parties*

29. As far as is discernible by the pleadings the Plaintiffs against the Removing Parties and the Debtor are inextricably intertwined and litigation against the Removing Parties necessarily effects the administration of the estate. Accordingly, remand is inappropriate.

*Count 17 – Declaratory Judgment against RPF*

---

[23] *In re NC12, Inc.*, 478 B.R. 820, 836 (Bankr. S.D. Tex. 2012) (holding that a breach of fiduciary duty claim held against the debtor is property of the estate and, because the resolution of an aiding and abetting claim is dependent on the underlying breach of fiduciary duty claim, an associated claim for aiding and abetting is also property of the estate).

30. The Removing Parties do not dispute the remand of this cause of action.

*Count 18 – Violations of the Texas Uniform Fraudulent Transfer Act*

31. Abstention of this cause of action is improper because the Plaintiffs no longer have standing to assert this cause of action and the party properly bringing a claim under the TUFTA (the Receiver) has not sought remand on these claims.

32. Upon his appointment, the Receiver stepped into the shoes of the Plaintiffs and other creditors of the Receivership Estate as to the claims brought under TUFTA. By his Petition, the Receiver notified the court and all parties that, to the extent that the claims involved alleged fraudulent transfers, the Receiver was the proper party to bring such claims.

33. Here, the Receiver's Remand Motion notably does not seek remand of the causes of actions relating to alleged violations of TUFTA.[24]

34. Because the Plaintiffs are not the party with the proper standing to pursue these claims and because the Receiver has chosen not to seek remand of them, remand is not appropriate.

*Count 19-23 – Negligence Claims, Negligence Per Se, and Gross Negligence and Violations of the Texas Theft Liability Act.*

35. Based on the nature of the Plaintiffs' pleading, these claims alleged against all Defendants will inevitably affect the administration of the Debtor's estate. These counts are intertwined with claims against the Debtor and are thus properly litigated before this Court.

36. To the extent that such claims are held against the Debtor, they are property of the estate.[25] As far as is discernible by the pleadings the Plaintiffs have not demonstrated that these causes of action distinct from claims held against the Debtor and thus not subject to the Court's jurisdiction.

---

[24] *See* Receiver's Remand Motion at n. 8.
[25] *See In re Black Elk Energy Offshore Operations, Inc.,* 2016 Bankr. LEXIS 2708 (Bankr. S.D. Tex. July 16, 2016).

*Count 25-27 – <u>Vicarious Liability and Alter Ego</u>*

37. The Plaintiffs' counts of Vicarious Liability and Alter Ego against all Defendants are inextricably intertwined with one another. As far as is discernible by the pleadings, the Plaintiffs have not demonstrated that the causes of action they seek to remand are distinct from claims held against the Debtor and thus not subject to the Court's jurisdiction. Under Texas law, alter ego claims may be asserted by the Debtor and are accordingly property of the estate.[26] The Plaintiffs alter ego claims, therefore, lie within the exclusive control of the Chapter 7 Trustee and may not be prosecuted by an individual creditor or third party.[27]

*Counts 28-32 – <u>Tolling, appointment of a Receiver, Auditor, Disgorgement and Attorney's Fees.</u>*

38. These appear to be more placeholders than claims.

**D. Plaintiffs are not Entitled to an Award of Attorneys' Fees**

39. The Plaintiffs do not assert a proper basis for attorneys' fees. The Plaintiffs request attorneys' fees under 28 U.S.C. § 1447(c) which states that courts have discretion to award attorneys' fees if there was a defect in the notice of removal aside from subject matter jurisdiction.[28]

40. Courts may only award attorney's fees under section 1447 when the removing party lacks "an objectively reasonable basis for seeking removal."[29] When a reasonable basis for removal exists, the court ought to deny the fees.[30] The fact that the court to which the case was removed eventually held that removal was improper is not a sufficient basis to award attorney's fees.[31]

---

[26] *In re Moore*, 608 F.3d 253, 258 (5th Cir. 2010).
[27] *In re Packer*, 520 B.R. 520, 525 (Bankr. E.D. Tex. 2014), <u>subsequently aff'd,</u> 816 F.3d 87 (5th Cir. 2016).
[28] 28 U.S.C. § 1447(c).
[29] *Ibarra v. Port of Hous. Auth.*, 526 F. Supp. 3d 202, 217 (S.D. Tex. 2021).
[30] *Id.*
[31] *Id.*

41. Even were the court to hold in favor of the Plaintiffs and remand the Adversary Proceeding to state court, the Plaintiffs would not be entitled to attorney's fees based on these facts. A party seeking removal need only make a colorable argument for removal to avoid paying attorneys' fees under section 1447(c).[32] Congress did not intend to regularly impose attorney's fees against removing parties.[33] Even if remand is the eventual outcome, attorney's fees are not warranted under section1447.[34]

42. Here, the Oliphant Parties properly removed these causes of action to this Court. The Removal was proper in that it sought to remove certain claims that had a direct effect on the administration of the bankruptcy estate. Accordingly, the Plaintiffs are not entitled to attorney's fees.

### E. Applicable Factors Weigh Against Permissive Abstention

43. Equity weighs in favor of denying the Plaintiffs' Remand Motion as to their claims against the Removing Parties and the Debtor under the factors for permissive abstention. Several factors weigh against abstention of the claims: (1) the effect or lack thereof on the efficient administration of the estate; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; and (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.[35]

44. The causes of action asserted against all defendants necessarily implicate the

---

[32] *Complete Auto Sales, Inc. v. Life Ins. Co. of N. Am.*, 64 F. Supp. 2d 614, 617 n.2 (N.D. Tex. 1999) (holding that removal falling just shy of sanctionable offenses was not subject to attorney's fees because the party seeking removal made a colorable attempt to comply with proper removal procedures).
[33] *Id.*
[34] *Id.*
[35] *See Shipley Garcia Enterprises, LLC*, 2012 WL 3249544, at *10 (listing and applying the permissive abstention factors).

Debtor and will have an impact on the claims administration process. These causes of action, as stated by the Plaintiffs themselves, are interconnected and difficult to parse out. Allowing the Plaintiffs to pursue their claims against all defendants necessitates litigation against the Debtor. Moreover, litigation of aiding and abetting claims against the Removing Parties also necessitates resolution of the Debtor's solvency, validity of its transfers, and extent of its liabilities. These issues are necessarily linked to the administration of the estate and ought to be litigated as core claims arising in title 11.

## CONCLUSION

45. For the foregoing reasons, and as the Removing Parties will further show at the hearing in connection with the Plaintiffs' Remand Motion, the claims against the Removing Parties are properly litigated in this Court. The claims are either property of the estate or are inextricably intertwined with claims against the Debtor. These claims cannot be resolved without effecting the administration of the estate and impacting the rights of the Debtor and its creditors. As such, Plaintiffs' Remand Motion should be denied as to its claims against the Removing Parties.

Dated: July 25, 2025.

          RESPECTFULLY SUBMITTED,

          **KANE RUSSELL COLEMAN & LOGAN PC**

By: */s/ Michael P. Ridulfo*
     Michael P. Ridulfo
     State Bar No. 16902020
     5151 San Felipe, Suite 800
     Houston, Texas 77056
     Ph: (713) 425-7400
     Fax: (713) 425-7700
     Email: mridulfo@krcl.com

          - and -

     Abigail Rogers
     State Bar No. 24144104
     401 Congress Avenue, Suite 2100
     Austin, Texas 78701
     Ph: (512) 487-6574
     Email: arogers@krcl.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 25, 2025, a true and correct copy of the foregoing Response was filed with the Court and served via email upon the following parties:

*Counsel for Plaintiffs*
Randall A. Pulman
Email: rpulman@pulmanlaw.com
Shari P. Pulman
Email: spulman@pulmanlaw.com
Kerry S. Alleyne-Simmons
Email: kalleyne@pulmanlaw.com

*Court Appointed Receiver*
John Patrick Lowe
Email: pat.lowe.law@gmail.com

*Counsel for Court Appointed Receiver*
Royal B. Lea, III
royal@royallealaw.com

*Counsel for Collins Asset Group, LLC and Oliphant Financial LLC*
Eugene Xerxes Martin, IV
Email: xmartin@mgl.law
Jacob Michael Bach
Email: jbach@mgl.law
Patrick A. Watts
Email: pwatts@mgl.law

*Counsel for Joshua L. Allen*
Joshua Dean Frost
Email: jfrost@lubbocklawfirm.com

*Parties*
Ryan Project Funding, LLC
robert@ryanprojectfunding.com

Robert Ryan
robert@ryanprojectfunding.com

Brooklynn Chandler Willy
Email: Brooklynn_chandler@icloud.com

Queen B Advisors, LLC
c/o Brooklynn Chandler Willy
Email: Brooklynn_chandler@icloud.com

Yvette Barrera
Email: y.villanuevabarrera@gmail.com

*Counsel for Walt Collins*
Yousuf Bajwa
Email: ybajwa@sandersbajwa.com
Lad Stricker
Email: lstricker@sandersbajwa.com
*and*
Jonathan M. Robbin
Email: Jonathan.robbin@jrobbinlaw.com

*Counsel for MLC Financial, Inc. d/b/a MLC Financial Services, Inc., MCKC Services LLC, and MKMH Interest, LLC*
Emma Cano
Email: ecano@jeffersoncano.com
William S. Davidson
Email: wdavidson@jeffersoncano.com

*Chapter 7 Trustee*
George L. Miller
Email: gmiller@mctllp.com

*U.S. Trustee*
Email: *USTPRegion03.WL.ECF@USDOJ.GOV*

                     */s/ Michael P. Ridulfo*
                     Michael Ridulfo