IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re:<br><br>COLLINS ASSET GROUP, LLC,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 7<br>Case No. 25-51660-CAG |
| JUDY A. MUSGROVE, individually and as beneficiary of the Mainstar Trust, Cust. FBO Judy A. Musgrove IRA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKLYN CHANDLER WILLY, *et al.*,<br><br>Defendants.<br><br>JOHN PATRICK LOWE in his capacity as<br>Court Appointed Receiver<br>Plaintiff,<br><br>v.<br><br>COLLINS ASSET GROUP, LLC, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adv. Proc. No. 25-05047-CAG |

**AMENDED ANSWER OF DEFENDANTS OLIPHANT UNITED, INC., OLIPHANT USA, LLC, OLIPHANT, INC., OLIPHANT FINANCIAL, LLC AND ACCELERATED INVENTORY MANAGEMENT LLC TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND JURY DEMAND AND OBJECTION TO PLAINTIFFS' PROOFS OF CLAIM OF OLIPAHNT USA, LLC, OLIPHANT, INC. AND OLIPHANT FINANCIAL, LLC**

1

11885229v1

Defendants, Oliphant United, Inc., Oliphant, Inc., Oliphant USA, LLC, Oliphant Financial, LLC, and Accelerated Inventory Management LLC (collectively "Defendants"), file this their Amended Answer to Plaintiffs' Third Amended Complaint (the "Complaint") and respectfully state as follows:[1] Also by this pleading, Oliphant USA, LLC, Oliphant, Inc. and Oliphant Financial, LLC (collectively, the "Objecting Parties") filed this Objection to Plaintiffs' Proofs of Claim.[2]

**RESPONSES TO NUMERED PARAHRAPHS OF COMPLAINT**

### I. JURISDICTION AND VENUE

1.      Defendants admit the allegations in the first and second sentences of this paragraph except to the extent that (i) certain claims in the Complaint have been remanded to state court; (ii) Plaintiffs lack standing to pursue certain claims in the Complaint; (iii) certain claims in the Complaint are property of Debtors' bankruptcy estate under 11 U.S.C. § 541; or (iv) certain claims in the Complaint are filed in violation of the automatic stay under 11 U.S.C. § 362. Defendants submit that no response is required to the remainer of this paragraph.

### II. PRELIMINARY STATEMENT

2.      Deny.

3.      Deny.

4.      Deny.

5.      Deny.

6.      Defendants deny the first sentence of this paragraph, lack knowledge and information sufficient to admit or deny the second sentence and admit the third sentence.

7.      Deny.

---

[1] This Answer is filed subject to the Motion to Dismiss filed contemporaneously herewith.
[2] The Objecting Parties object to the Proofs of Claim attached hereto as Exhibit 1.

11885229v1

8. Deny.

### III. PARTIES

**A. PLAINTIFFS**

9 –95. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 9-95 of the Complaint.

**B. DEFENDANTS**

96. Admit.

97. Admit.

98. Admit.

99. Admit.

100. Defendants admit the first sentence of this paragraph and deny the remainder. Further answering, the undersigned counsel for Oliphant, Inc. accepted service of the Complaint.

101. Defendants admit the first sentence of this paragraph and deny the remainder. Further answering, the undersigned counsel for Oliphant United, Inc. accepted service of the Complaint.

102. Admit.

103. Admit.

### IV. STATEMENT OF FACTS

104. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

105. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of this paragraph. Defendants deny the remaining allegations in this paragraph.

11885229v1

106. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

107. Deny.

108. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

109. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

110. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

111. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

112. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

113. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

114. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

115. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

116. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11885229v1

117. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint and therefore deny them.

118. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

119. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

120. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

121. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

122. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

123. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

124. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

125. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

126. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

127. Defendants lack knowledge and information sufficient to form a belief as to the

11885229v1

truth of the allegations contained in this paragraph.

128. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

129. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

130. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

131. Defendants admit the first sentence of this paragraph, deny the second and third sentences, admit the fourth sentence, deny the fifth sentence and admit the sixth and seventh sentences.

132. Defendants admit the first sentence of this paragraph. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence. Defendants deny the third sentence. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.

133. Deny.

134. Deny.

135. Deny.

136. Deny.

137. Admit.

138. Deny.

139. Deny.

140. Deny.

141. Deny.

11885229v1

142. Deny.

143. Deny.

144. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

145. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph. With respect to the remainder of the paragraph, Defendants admit that there was a meeting at Barton Creek attended by Messrs. Conway, Pope, Scanlon and Swinea and deny the remainer of the paragraph.

146. Deny.

147. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

148. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

149. Deny.

150. Deny.

151. Deny.

152. Deny.

## V.   CAUSES OF ACTION

### COUNT I: VIOLATION OF TEXAS GOV'T CODE § 4008.051- OFFEROR/SELLER LIABILITY FOR REGISTRATION VIOLATIONS- [DEFENDANTS CAG AND HH]

153. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

154. Defendants submit that this paragraph states a summary of law to which no

7

11885229v1

response is required. Further answering, Defendants deny that they have any liability under the referenced law.

155. Defendants submit that this paragraph states a summary of law to which no response is required. Further answering, Defendants deny that they have any liability under the referenced law. The factual allegations are denied.

156. Defendants submit that this paragraph states a summary of law to which no response is required. Further answering, Defendants deny that they have any liability under the referenced law.

157. Defendants submit that this paragraph states a summary of law to which no response is required. Further answering, Defendants deny that they have any liability under the referenced law.

158. Deny.

159. Defendants submit that this paragraph states a summary of law to which no response is required. Further answering, Defendants deny that they have any liability under the referenced law.

160. Deny.

161. Deny.

## COUNT II: VIOLATION OF TEXAS GOV'T CODE § 4008.052-UNTRUTH AND OMMISIONS (OFFEROR OR SELLER LIABILITY)- [DEFENDANTS CAG AND HH]

162. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

163. Defendants submit that this paragraph states a summary of law to which no

11885229v1

response is required.  Further answering, Defendants deny that they have any liability under the referenced statutory provisions.

164.  Deny.

165.  Deny.

166.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

167.  Deny.

168.  Deny.

169.  Deny.

## COUNT III. CONTROLLING PERSON OR AIDER LIABILITY OF ISSUERS, OFFERORS OR SELLERS [DEFENDANTS CAG AND HH]

170.  Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

171.  Deny.

172.  Deny.

173.  Deny.

174.  Deny.

175.  Deny.

176.  Deny.

## COUNT IV. VIOLATION OF TEXAS GOVT. CODE §§ 4008.101 AND 4008.102 INVESTMENT ADVISOR OR IAR LIABILITY (SECONDARY VIOLATIONS) [DEFENDANTS CAG AND HH]

177.  Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

178.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11885229v1

179. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

180. Deny.

181. Deny.

182. Deny.

## COUNT V. BREACH OF PROMISORY NOTES- [DEFENDANTS CAG, HH AND THE OLIPHANT ENTITIES]

183. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

184. Deny.

185. Deny.

186. Deny.

## COUNT VI: PROMISSORY ESTOPPEL – [DEFENDANTS CAG AND HH]

187. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

188. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

189. Deny.

190. Deny.

191. Deny.

## COUNT VII. MONEY HAD AND RECEIVED- [DEFENDANTS CAG, HH, WALT AND THE OLIPHANT ENTITIES]

192. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

193. Deny.

11885229v1

194. Deny.

195. Deny.

## COUNT VIII. FRAUD AND FRAUDULENT INDUCEMENT [DEFENDANTS CAG AND HH]

196. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

197. Deny.

198. Deny.

199. Deny.

200. Deny.

201. Deny.

202. Deny.

203. Deny.

204. Deny.

## COUNT IX: FRAUD BY NON-DISCLOSURE [DEFENDANTS CAG AND HH]

205. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

206. Deny.

207. Deny.

208. Deny.

209. Deny.

210. Deny.

211. Deny.

212. Deny.

## COUNT X: VIOLATIONS OF THE TEXAS THEFT LIABILITY ACT TEX. CIV. PRAC. AND REM. CODE §§ 134.001 TO 134.005 A- [DEFENDANTS CAG, HH, WALT AND THE OLIPHANT ENTITIES]

213. Defendants repeat and incorporate by reference the allegations set forth in the

11885229v1

preceding paragraphs as if fully set forth herein.

214. Deny.

215. Deny.

## COUNT XI: DECLARATORY JUDGMENT
## (DEFENDANTS CAG AND THE OLIPHANT ENTITIES)

216. Deny.

217. Deny.

218. Deny.

## COUNT XII: VIOLATIONS OF
## TEXAS UNIFORM FRAUDULENT TRANSFER ACT ("TUFTA")
## [DEFENDANTS CAG, HH, WALT AND THE OLIPHANT ENTITIES]

219. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

220. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph. The second sentence is denied.

221. Deny.

222. Deny.

223. Deny.

224. Deny.

225. Deny.

226. Deny.

227. Deny.

## COUNT XIII: NEGLIGENCE – [DEFENDANTS CAG AND HH]

228. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein. Defendants submit that the second sentence states conclusions of law to which no response is required but deny any liability based on this

11885229v1

alleged legal law.

229. Deny.

230. Deny.

231. Deny.

## COUNT XIV: NEGLIGENCE PER SE [DEFENDANTS CAG AND HH]

232. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

233. Deny.

234. Deny.

235. Deny.

236. Deny.

237. Deny.

238. Defendants submit that this paragraph states conclusions of law to which no response is required but deny any liability based on this alleged law.

239. Deny.

## COUNT XV: NEGLIGENT MISREPRESENTATION [DEFENDANTS CAG AND HH]

240. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

241. Deny.

242. Deny.

243. Deny.

244. Deny.

245. Deny.

246. Deny.

11885229v1

## COUNT XVI: GROSS NEGLIGENT [DEFENDANTS CAG AND HH]

247. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein. Defendants deny the remaining allegations in this paragraph.

## COUNT XVII: CIVIL CONSPIRACY TO COMMIT INTENTIONAL TORTS [VIOLATION OF SECURITIES ACT, FRAUD, TUFTA, THEFT, BREACH OF FIDUCIARY DUTIES] [DEFENDANTS CAG, HH, WALT AND THE OLIPHANT ENTITIES]

248. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein. Defendants deny the remaining allegations in this paragraph.

249. Deny.

250. Deny.

251. Deny.

252. Deny

253. Deny.

254. Deny.

255. Deny.

256. Deny.

257. Deny.

258. Deny.

## COUNT XVIII: AIDING AND ABETTING-NEGLIGENCE, VIOLATION OF THE TSA, FRAUD, TUFTA, THEFT, BREACH OF FIDUCIALTY DUTIES [DEFENDANTS CAG, HH, WALT AND THE OLIPHANT ENTITIES]

259. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

260. Deny.

11885229v1

261. Deny.

262. Deny.

263. Deny.

264. Deny.

265. Deny.

266. Deny.

267. Deny.

268. Deny.

269. Deny.

270. Deny.

271. Deny.

## COUNT XIX: RATIFICATION OF PONZI SCHEME
## [DEFENDANTS CAG, HH, WALT AND THE OLIPHANT ENTITIES]

272. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

273. Deny.

274. Deny.

## COUNT XX: ALTER EGO OF FERRUM CAPITAL, LLC
## [DEFENDANTS CAG AND HH]

275. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

276. Deny.

277. Deny.

278. Deny.

279. Deny.

280. Deny.

281. Deny.

11885229v1

<u>**COUNT XXI: VICARIOUS LIABILITY-**</u>
<u>**[DEFENDANTS WALT AND THE OLIPHANT ENTITIES]**</u>

282. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

283. Deny.

284. Deny.

285. Deny.

286. Deny.

287. Deny.

288. Deny.

289. Deny.

290. Deny.

<u>**COUNT XXII: OBJECTION TO CLAIMS [DEFENDANTS OLIPHANT INC.,**</u>
<u>**OLIPHANT FINANCIAL, LLC AND OLIPHANT USA, LLC]**</u>

291. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

292. Deny.

293. Deny.

294. Deny.

295. Deny.

296. Deny.

297. Deny.

298. Deny.

299. Deny.

300. Deny.

301. Deny.

11885229v1

## COUNT XXIII: TOLLING OF LIMITATIONS
### [DEFENDANTS CAG, HH, WALT AND THE OLIPHANT ENTITIES]

302. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

303. Deny.

304. Deny.

305. Deny.

## COUNT XXIVI: APPLICATION FOR AUDITOR
### [DEFENDANTS CAG, HH, WALT AND THE OLIPHANT ENTITIES

306. Defendants repeat and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

307. Deny.

## COUNT XXV: DISGORGEMENT
### [DEFENDANTS CAG, HH, WALT AND THE OLIPHANT ENTITIES]

308. Deny.

## COUNT XXVI: ATTORNEYS' FEES
### [DEFENDANTS CAG, HH, WALT AND THE OLIPHANT ENTITIES]

309. Deny.

## VI. CONDITIONS PRECEDENT

310. Deny.

## VII. AFFIRMATIVE DEFENSES

1. Certain claims in the Complaint are barred on the grounds that they were filed in violation of the automatic stay of 11 U.S.C. § 362.

2. Certain claims in the Complaint are barred on the grounds that Plaintiffs lack standing to assert them and they are property of Debtors' bankruptcy estate under 11 U.S.C. § 541.

11885229v1

3.     Certain claims filed in the Complaint are barred because they violate this Court's Order of Remand.

4.     Certain claims in the Complaint are barred on the grounds that Defendants are not in privity of contract with Defendants.

5.     Certain claims in the Complaint are barred by the applicable Statutes of Limitations.

6.     Certain claims in the Complaint are barred on the grounds of laches.

7.     Certain claims in the Complaint are barred in whole or in part on the grounds that they arise from or were caused by the unlawful conduct of parties not in the control of Defendants.

8.     Certain claims in the Complaint are barred in whole or in part by Plaintiffs' contributory negligence.

9.     Certain claims in the Complaint are barred under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

10.     Certain claims in the Complaint are barred under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

11.     Certain claims in the Complaint are barred by the Statute of Frauds.

12.     Certain claims in the Complaint are barred based on failure of consideration.

## VIII.  JURY DEMAND

Defendants demand trial by jury of all claims so triable.

11885229v1

## IX.  PRAYER

WHEREFORE, Defendants respectfully request that Plaintiffs take nothing by the Complaint, that they be awarded their costs and attorneys' fees and that the Court grant them such other and further relief to which they may be entitled.

## OBJECTION TO PLAINTIFFS' PROOFS OF CLAIM

Pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3007, Oliphant USA, LLC ("O-USA"), Oliphant Financial, LLC ("O-Financial") and Oliphant, Inc. ("O-Inc.") (also collectively the "Objecting Partiers"), as interested parties, file this Objection to Plaintiffs' Proofs of Claims filed in the Collins Asset Group, LLC ("CAG") case that are listed on attached Exhibit 1 ("Plaintiffs' Claims").  The Objecting Parties have each filed Proofs of Claim against CAG.[3]

## I.  JURISDICTION AND VENUE

1.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 11 U.S.C. § 157(b)(2)(B).  With respect to their claim objection, the Objecting Parties consent to entry of final Orders by the Bankruptcy Court but reserve their right to seek withdrawal of the reference.  Venue is proper in this Court and all parties to this claim objection have appeared.

## II.  PARTIES TO CLAIMS OBJECTIONS

2.  O-USA is a defendant in this Adversary Proceeding and has appeared.  O-USA filed Proof of Claim No. 142 in the CAG bankruptcy case.

3.  O-Financial is a defendant in this Adversary Proceeding and has appeared.  O-

---

[3] *See* Proofs of Claim 142, 143 and 144.  In their Third Amended Complaint (Count XXII) Plaintiffs object to each of these claims.

11885229v1

Financial filed Proof of Claim No. 142 in the CAG bankruptcy case.

4.      Plaintiffs each filed the Proofs of Claim in the CAG bankruptcy case attached as Exhibit 1.

### III.    BACKGROUND FACTS

5.      The transactions underlying Plaintiffs' Claims involve two sets of promissory notes issued in separate relationships. First, investors, including Plaintiffs, delivered funds to Ferrum as part of its "Commercial Lending Program." Under that program, Ferrum and its affiliates, including Brooklyn Chandler Willy, raised funds from individual investors and issued promissory notes directly to those investors (the "FC/Investor Notes"). Ferrum then used investor proceeds to fund a completely separate set of loans to CAG. Those loans were evidenced by promissory notes issued by CAG to Ferrum (the "CAG/FC Notes"). In this structure, Ferrum obtained funds from investors through the FC/Investor Notes and then loaned funds to CAG through the secured CAG/FC Notes.

6.      Plaintiffs' own proof-of-claim filings describe this arrangement, stating that investors delivered funds to Ferrum, which then "invest[ed] the money exclusively in CAG in exchange for a promissory note issued by CAG to Ferrum Capital." Accordingly, the relevant transactions involved two sets of promissory notes issued in separate relationships: (1) notes issued by Ferrum to investors, and (2) notes issued by CAG to Ferrum, to which Plaintiffs were not parties.

7.      Plaintiffs' Claims, each of which is virtually identical, except for claimant name and claim amount, assert the following:

Count I:  Primary Violations of the Texas Securities Act by CAG and Hollins Holdings, LLC ("HH") as a Seller, Issuer and Offeror for Material Untruths and Omissions.

11885229v1

Count II:  Primary Violations of the TSA for Failure to Register with the Texas State Securities Board an Offering by Ferrum Capital, CAG and HH.

Count III:  Secondary Violations of the Texas Securities Act – Control Person and Aiding.

Count IV:  Breach of Contract.

Count V:  Common Law Fraud.

Count VI:  Remedies.

### IV.    OBJECTION TO PLAINTIFFS' CLAIMS[4]

8.    The Oliphant Entities object to Plaintiffs' Claims on the following grounds:

    a.    The CAG/FC Notes are not securities under applicable law;

    b.    Plaintiffs' Claims contain insufficient facts and documentation to support a finding that the CAG/FC Notes are securities under applicable law;

    c.    CAG was not a seller, offeror or issuer of the CAG/FC Notes to Plaintiffs;

    d.    Plaintiffs' Claims contain insufficient facts and documentation to support a finding that CAG was a seller, offeror or issuer of the CAG/FC Notes;

    e.    CAG was not a seller, offeror or issuer of the FC/Investor Notes to Plaintiffs;

    f.    Plaintiffs' Claims contain insufficient facts and documentation to support a finding that CAG was a seller, offeror or issuer of the FC/Investor Notes to Plaintiffs;

    g.    CAG was not a control person of Ferrum;

    h.    Plaintiffs' Claims contain insufficient facts and documentation to support a finding that CAG was a control person of Ferrum;

    i.    Plaintiffs have no claim based on breach of contract with CAG because CAG is not in privity of contract with any of Plaintiffs;

    j.    Plaintiffs lack standing to pursue a claim against CAG for alleged non-payment of the CAG/FC Notes;

    k.    Plaintiffs are not third-party beneficiaries of the CAG/FC Notes;

    l.    Plaintiffs' claims contain insufficient facts and documentation to support a finding that Plaintiffs are third-party beneficiaries of the CAG/FC Notes;

    m.    Plaintiffs' Claims contain insufficient facts and documentation to support a

---

[4] This Objection addresses the claims asserted by Plaintiffs in their Proofs of Claim.  To the extent the Court determines that Plaintiffs' additional claims asserted against CAG in their Third Amended Complaint are effectively amendments to their Proofs of Claim, the Oliphant Entities reserve the right to amend this Objection.

11885229v1

fraud claim against CAG; and

n. Plaintiffs' requested remedies are not supported by the facts and documentation alleged in Plaintiffs' claims or the applicable law

## COUNTS I-III OF PLAINTIFFS' CLAIMS (SECURITIES BASED CLAIMS)

9. In support of their objection to Counts I-III of Plaintiffs' Claims, the Oliphant Entities attach hereto as Exhibit 2 and incorporate by reference their Response to Plaintiffs' Motion for Partial Summary Judgment (the "MSJ Response") filed in the Adversary at Dkt. 91. More specifically, with respect to (i) whether the CAG/FC Notes are securities under applicable law; (ii) whether CAG was a seller, offeror or issuer of the CAG/FC Notes to Plaintiffs; (iii) whether CAG was a seller, offeror or issuer of the FC/Investor Note to Plaintiffs; (iv) whether CAG was a control person of Ferrum; and (v) the lack of privity of contract between CAG and Plaintiffs, please MSJ Response ¶s 1 – 8 and 18 - 40.

10. With respect to the failure of Counts I-III of Plaintiffs' Claims be supported by sufficient facts and documentation, there are simply no facts or documentation attached to the Musgrove Claim that support Counts I-III. To the extent the Exhibits attached to Plaintiffs' Motion for Partial Summary Judgment in the Adversary are intended to supplement the Musgrove Claim, please see MSJ Response ¶s 9-17.

## COUNT IV OF PLAINTIFFS' CLAIMS (BREACH OF CONTRACT)

11. The Oliphant Entities' objection to Count IV of Plaintiffs' Claims must be sustained for the simple reason that there is no contract between Plaintiffs and CAG. Plaintiffs likely have claims against Ferrum regarding the FC/Investor Notes, but those claims cannot be asserted against CAG. Accordingly, Plaintiffs have no standing to seek repayment of the CAG/FC Notes from CAG. Similarly, any claim for recovery based on the CAG/FC Notes is held by Ferrum's Receiver. *See* Receiver Proof of Claim 19-1.

11885229v1

12. Nor are Plaintiffs a third-party beneficiaries of the CAG/FC Notes. This is a question of Texas state law. As stated in *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017):

- The benefits and burden of a contract are between the two parties in privity to the contract unless it is established that a person qualifies as a third-party beneficiary;

- Whether a party is a third-party beneficiary depends on the intent of the contracting parties to secure a benefit to a third party;

- To determine if the contracting parties intended to directly benefit a third party and entered into the contract for that purpose, the courts must look solely to the contract's language, construed as a whole;

- The contract must include a "a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party";

- Implied intent to create a third-party beneficiary is insufficient and courts may not presume the necessary intent; and

- If the language of the contract leaves any doubt as to the intent of the parties to benefit to a third party, courts construe the contract against conferring third-party beneficiary status.

13. Plaintiffs Claims simply presents no facts or documentation to support that they are third-party beneficiaries of the CAG/FC Note. The CAG/FC Note attached as Exhibit 2 to Plaintiffs' Claims contain no clear and unequivocal expression of the contracting parties' intent to directly benefit a third party.

### COUNT V OF PLAINTIFFS' CLAIMS (FRAUD)

14. Count V of Plaintiffs' Claims fails to satisfy even the most basic rules for pleading and alleging fraud. Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud be plead with particularity, this includes the who, what, where and when of the alleged fraudulent conduct. The Fifth Circuit interprets Rule 9(b) strictly, applying the rule with force. *First v. Rolling Plains Implement Co.*, 108 F.4th 262, 271 (5th Cir. 2024). Fraud allegations must be plead with specificity requiring the who, what, when, where and how to be laid out. *Id.*; *see also Perrotta v. Bank of Am. Nat'l Ass'n,* No. 24-50948, 2025 U.S. App. LEXIS 31466, at *11 (5th Cir.

11885229v1

Dec. 2, 2025) (we interpret Rule 9(b) to require a plaintiff to specific the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements are fraudulent). The allegations supporting Count V of the Musgrove Claim fall woefully short of meeting this standard.

## VI. PRAYER

WHEREFORE, the Objecting Parties respectfully request that the Court sustain their objections to Plaintiffs' Claims and award them such other and further relief to which they may be entitled.

Dated: March 30, 2026

By: /s/ Michael P. Ridulfo
Michael P. Ridulfo
State Bar No. 16902020
Fed. Id. 27086
5151 San Felipe, Suite 800
Houston, Texas 77056
Tel: (713) 425-7400
Fax: (713) 425-7700
Email: mridulfo@krcl.com

- and -

Abigail Rogers
State Bar No. 24144104
401 Congress Avenue, Suite 2100
Austin, Texas 78701
Tel: (512) 487-6574
Email: arogers@krcl.com
*Counsel to Oliphant Financial, LLC, Oliphant USA, LLC, Accelerated Inventory Management, LLC, Oliphant, Inc. and Oliphant United, Inc.*

11885229v1

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, a true and correct copy of the above and foregoing document was served on all counsel of record via CM/ECF and on other interested parties via the method(s) indicated below:

*Via email:*
*Lynn.butler@hushblackwell.com*
Lynn Hamilton Butler
Hush Blackwell LLP
111 Congress Ave., Suite 1400
Austin, Texas 78701
***Bankruptcy Counsel for Debtor Collins Asset Group, LLC and Debtor Hollins Holdings, LLC***

*Via email:*
*dbehrends@dykema.com;*
*ddouglas@dykema.com*
Danielle Rushing Behrends
Dominique Douglas
Dykema Gossett PLLC
112 E. Pecan St., Suite 1800
San Antonio, Texas 78205
***Counsel for Chapter 7 Trustee***

*Via email:*
*rsatija@haywardfirm.com*
Ron Satija
PO Box 660208
Austin, Texas 78766
***Chapter 7 Trustee***

*Via CM/ECF or email:*
*James.rose@usdoj.gov;*
*Aubrey.thomas@usdoj.gov*
James Rose
Aubrey Thomas
United States Trustee
615 E Houston St #533
San Antonio, Texas 78205

*Via CM/ECF:*
*jonathan.robbin@jrobbinlaw.com*
Jonathan M. Robbin

*Via CM/ECF:*
*jfrost@lubbocklawfirm.com*
Josh Frost
Field Manning Stone Aycock
2112 Indiana Ave
Lubbock, Texas 79410
***Counsel for Defendants Ferrum Capital, LLC, Ferrum IV, LLC; and Joshua Allen***

*Via CM/ECF:*
*ahartry@themoralesfirm.com*
Allison Sarah Hartry
The Morales Firm, P.C.
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
***Counsel for Defendant Yvette Barrera***

*Via US First Class Mail and Via email:*
*lawrence@themoralesfirm.com*
Lawrence Morales
The Morales Firm, P.C.
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
***Counsel for Defendant Yvette Barrera***

*Via CM/ECF:*
*ybajwa@sandersbajwa.com;*
*lstricker@sandersbajwa.com*
Yusuf A. Bajwa
Lad Stricker
Sanders Bajwa LLP
919 Congress Suite 1305
Austin, Texas 78701
***Counsel for Defendant Walt Collins***

*Via CM/ECF:*
*evan.miller@saul.com*
Evan T. Miller

11885229v1

J. Robbin Law
200 Business Park Drive
Armonk, New York 10504
**Counsel for Defendant Walt Collins**

Saul Ewing LLP
1201 N. Market Street, Suite 2300
PO Box 1266
Wilmington, Delaware 19801
**Counsel for Delaware Chapter 7 Trustee**

*Via CM/ECF:*
*david.whittlesey@aoshearman.com*
David Philip Whittlesey
Allen Overy Shearman Sterling US LLP
300 W. 6th Street Ste 2250
Austin, Texas 78701
**Counsel for Defendant Walt Collins**

*Via CM/ECF:*
*royal@royallealaw.com*
Royal B. Lea, III
Royal Lea Law Office PLLC
1901 NW Military Hwy Ste. 218
San Antonio, Texas 78213
**Counsel for John Patrick Lowe, State Court Receiver**

*Via CM/ECF:*
*xmartin@mgl.law*
Eugene Xerxes Martin, IV
Martin Golden et al.
8750 N. Central Expressway
NorthPark Central, Suite 1850
Dallas, Texas 75231
**Counsel for Defendant Collins Asset Group LLC**

*Via US First Class Mail*
*and Via email:*
*ecano@jeffersoncano.com;*
*wdavidson@jeffersoncano.com*
Emma Cano
William S. Davidson
Jefferson Cano
112 E. Pecan St., Suite 1650
San Antonio, Texas 78205
**Counsel for MLC Financial, Inc. dba MLC Financial Services, Inc. and MKMH Interest LLC**

*Via email:*
*Brooklyn_chandler@icloud.com*
Brooklyn Chandler Willy and
Queen B Advisors, LLC
Address unknown
(Defendants)
**PRO SE**

*Via email:*
*robert@ryanprojectfunding.com*
Robert Ryan and
Ryan Project Funding LLC
1050 Connecticut Ave. NW #500
Washington DC 20036
(Defendants)
**PRO SE**

**Via US First Class Mail**
Landzacha Holdings, Ltd. c/o Joshua L. Allen
4415 66th Street, Suite 101
Lubbock, Texas 7941
**Pro Se Defendant**

By: */s/ Michael P. Ridulfo*
Michael P. Ridulfo

11885229v1