IN THE UNITED STATES BANKRUPTCY
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>COLLINS ASSET GROUP, LLC,<br>DEBTOR. | §<br>§<br>§<br>§<br>§ | CHAPTER 7: CASE NO. 25-51660-CAG |
| JUDY A. MUSGROVE, INDIVIDUALLY AND AS BENEFICIARY OF THE MAINSTAR TRUST, CUST. FBO JUDY A MUSGROVE IRA, *ET AL.*, PLAINTIFFS,<br><br>V.<br><br>BROOKLYNN CHANDLER WILLY, *ET. AL.*<br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADV. PROC. NO. 25-05047-CAG<br><br>REMOVED FROM THE 438TH JUDICIAL DISTRICT COURT, BEXAR COUNTY, TEXAS<br>CASE NO. 2023-CI-22575 |
| JOHN PATRICK LOWE IN HIS CAPACITY AS COURT APPOINTED RECEIVER, PLAINTIFF,<br><br>V.<br><br>COLLINS ASSET GROUP, LLC, *ET AL.*,<br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## TRUSTEE'S MOTION TO EXPEDITE DISCOVERY RESPONSES

TO THE HONORABLE JUDGE GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, Ron Satija, the duly appointed Chapter 7 Trustee (the "Trustee") of the estate of

Collins Asset Group, LLC ("CAG" or "Debtor"), by and through undersigned counsel, respectfully

moves this Court pursuant to Federal Rule of Civil Procedure 26(d)(1) (incorporated by Federal

Rule of Bankruptcy Procedure 7026), 11 U.S.C. § 105(a), and Local Rules 7026-1 and 9014-1(e)

of the United States Bankruptcy Court for the Western District of Texas (effective February 3,

1

2025), for an order requiring Metropolitan Partners Group Administration, LLC ("Metropolitan") to respond to the Trustee's discovery requests on an expedited basis.

## I.     INTRODUCTION

1.     On March 30, 2026, following extensive negotiations, the Trustee and Metropolitan reached an agreement by email pursuant to which Metropolitan agreed to segregate the net proceeds (the "Net Proceeds") from a private UCC Article 9 sale (the "Sale") of the assets of the Debtor's former affiliates, Accelerated Inventory Management, LLC ("AIM") and Oliphant Financial, LLC ("Oliphant Financial"), for fourteen (14) days following the closing of the Sale. This agreement – reached in lieu of a contested emergency motion for a temporary restraining order – reflects both parties' recognition that the competing claims to the Net Proceeds require urgent resolution and that the discovery necessary to adjudicate those claims must proceed on an accelerated timeline.

2.     The Trustee has served formal discovery requests in this adversary proceeding, including document requests under Federal Rule of Civil Procedure 34 (Bankruptcy Rule 7034) (Exhibit "A"). Under the standard 30-day response period, Metropolitan's responses would not be due until well after the 14-day segregation period has expired. The Trustee therefore seeks an order shortening Metropolitan's time to respond to the Trustee's Priority Group A discovery requests to seven (7) days from the date of service.

3.     Good cause exists for this relief. The 14-day segregation window is finite. Unless the Trustee receives production sufficient to rule out a tracing of estate funds to the Sale assets – in which case the dispute may be mooted – the Trustee intends to file a motion for a preliminary injunction before the segregation period expires. The evidentiary record necessary for that hearing depends on production from Metropolitan of documents exclusively within Metropolitan's

possession, custody, or control. Metropolitan itself has acknowledged the urgency of this dispute by agreeing to the segregation arrangement. Without expedited production, the Trustee will be compelled to proceed to a preliminary injunction hearing without the critical tracing evidence needed to establish the estate's interest in the Net Proceeds.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A. The Parties and the Underlying Dispute

4.      CAG filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in June 2025. The case was subsequently transferred to, and is currently pending before, this Court. The Trustee was duly appointed and has been qualified and acting in that capacity.

5.      The underlying adversary proceeding originated as a state court action and is now pending before this Court as Adversary Proceeding No. 25-05047. The Trustee has been substituted as a party plaintiff and has asserted claims, among others, for the recovery of estate assets transferred from CAG to AIM and Oliphant Financial – non-debtor former affiliates – through a series of intercompany transfers. Those transfers to AIM total approximately $27,748,529.49 and occurred in the period prior to and following a leveraged buyout of CAG's legacy owners in October 2021. The amount transferred to Oliphant Financial as of 2021 totaled approximately $5.8 million. Although accounting entries purport to evidence Oliphant Financial's "reductions on receivables" to CAG, those entries are suspect.

6.      Metropolitan is the collateral agent under credit agreements dated October 13, 2021 and June 30, 2023. On March 20, 2026, Metropolitan noticed a private UCC Article 9 sale of the assets of AIM and Oliphant Financial. The Trustee contends that a portion of the assets being sold, or the proceeds therefrom, are traceable to estate property and are subject to a constructive trust for the benefit of the CAG estate.

**B. The March 30 Agreement**

7.     On March 30, 2026, following extensive negotiations, the Trustee and Metropolitan reached an agreement by email pursuant to which Metropolitan agreed to: (a) segregate the Net Proceeds from the Sale for fourteen (14) days following closing; (b) deposit the Net Proceeds into a separate, interest-bearing, segregated account within three (3) business days of receipt; (c) provide the Trustee's counsel with written notice identifying the financial institution, account number, and amount deposited within five (5) business days of the deposit; and (d) engage in good-faith discovery during the fourteen-day period.

8.     In exchange, the Trustee agreed to defer the emergency motion for a temporary restraining order that the Trustee had prepared and was ready to file that same day. The Trustee confirmed to Metropolitan's counsel: "We consent to Metropolitan's proposal and will hold off on filing the motion. We will let the Court know we have reached an agreement that obviates the need for an emergency motion."

9.     Metropolitan's counsel subsequently confirmed: "For clarity, the email below sets forth Metropolitan's agreement. We will not be entering into a consent order at this time." Metropolitan's refusal to reduce the agreement to a consent order enforceable by contempt makes the Trustee's need for expedited discovery all the more pressing. If necessary, the Trustee must be positioned to seek a preliminary injunction with a fully developed evidentiary record before the voluntary 14-day segregation period expires.

**C. The Trustee's Follow-Up Email of March 31, 2026**

10.     On March 31, 2026, the Trustee's counsel sent a follow-up email to Metropolitan's counsel confirming the terms of the agreement, expressly reserving the Trustee's rights to seek injunctive relief – including a preliminary injunction, at any time during or after the fourteen-day

period – identifying the specific categories of discovery required for the Trustee's tracing analysis, and providing notice that formal discovery requests would be served promptly in the adversary proceeding.

11. The follow-up email reflects the parties' mutual understanding that the 14-day segregation period is a bridge to resolution – not a resolution itself – and that the Trustee's ability to protect estate assets depends on receipt and review of Metropolitan's production within that compressed window.

### D. The Trustee's Outstanding Discovery Needs

12. The Trustee has been engaged in meet-and-confer discussions with Metropolitan regarding discovery since January 21, 2026. Despite weeks of requests, the Trustee received no substantive production until March 28, 2026 – only after Metropolitan learned of the impending TRO filing – and even that production contains significant gaps.

13. The Trustee's formal discovery requests, served concurrently with the filing of this Motion, are organized into two priority groups. Priority Group A encompasses the documents and information critical to the Trustee's tracing analysis and preliminary injunction showing, including:

**Request No. 1:  CAG's General Ledger**

Produce CAG's general ledger from the date of CAG's first transfers to AIM and Financial through December 31, 2021.

**Request No. 2: AIM and Financial General Ledgers**

Produce all general ledgers for AIM and Financial from the date of CAG's first transfers to AIM and Financial through the present, including but not limited to entries reflecting intercompany transactions, Notes Payable to CAG, "Due to Affiliate" liabilities, portfolio acquisition costs, and wire transfers to or from CAG.

**Request No. 3: AIM and Financial Bank Statements**

Produce all bank statements with check images, in unredacted form, for all accounts held by or on behalf of AIM and Financial, from the date of CAG's first transfer to AIM and Financial through the present, including but not limited to accounts at Hancock Whitney Bank. This request includes, but is not limited to: (a) AIM bank statements through the present (other than February 2022 and one month of January 2023 previously produced); (b) all AIM bank statements after February 2023, including statements showing the $700,000 transfer and subsequent fund movements; and (c) any consolidated or sweep account statements. All bank statements should be unredacted to allow for tracing.

**Request No. 4: Financial Statements for AIM and Financial**
Produce all unaudited monthly, quarterly, or annual balance sheets, income statements, trial balances, and financial reports of AIM and Financial from the date of CAG's first transfers to AIM and Financial through the most recent period available, to the extent such statements are in Your possession, custody, or control. This request includes, but is not limited to, any standalone AIM and/or Financial statements for 2022, 2023, 2024, and 2025, and any financial reports reflecting the "N/P to CAG" (Notes Payable to Collins Asset Group, LLC) line item, intercompany payable balances, and the "Due to Affiliate" liability.

**Request No. 5:  Portfolio Allocations**

Produce all documents and communications describing the process by which portfolio purchasing opportunities were allocated between CAG and AIM and/or between CAG and Financial from October 2021 through September 2023.

**Request No. 6: Complete Funding Spreadsheet — Portfolio Purchases**

Produce the complete funding spreadsheet or equivalent record showing all portfolio purchases funded by or through AIM and Financial from the date of CAG's first transfers to AIM and Financial through the present. The three entries currently visible in Metropolitan's prior production (M1134, M1135, M1138o) cover only January–February 2023; the Trustee seeks the full universe of portfolio purchases funded during the relevant period (see METROPOLITAN_001523.xlsx).

**Request No. 7: Funds Tracing Documents — Source of Funds for AIM and Financial Portfolio Purchases**

Produce all documents tracing the source of funds used by AIM and Financial to purchase portfolios from the date of CAG's first transfers to AIM and Financial through the present, including but not limited to: (a) purchase agreements and closing statements for all portfolio acquisitions; (b) funding documents and wire instructions; (c) any source-of-funds analysis, memoranda, or correspondence identifying the origin of equity contributed by AIM and Financial toward portfolio purchases; and (d) any documents showing AIM

or Financial wired equity to Metropolitan's account or any other account for portfolio purchases.

**Request No. 8: Wire Transfer Details — AIM and Financial Outgoing Wires**

Produce all wire transfer records, wire instructions, wire confirmations, and associated documentation for outgoing wires from any AIM or Financial account from the date of CAG's first transfer to AIM or Financial through December 31, 2023, including identification of the beneficiary, sending account, receiving account, and purpose of each wire.

**Request No. 9: Emails Responsive to Previously Propounded Search Terms**

Produce all emails and electronic communications responsive to the search terms previously propounded by the Trustee in connection with the Rule 2004 examination process and attached hereto as Exhibit "A," including but not limited to communications among or between officers, directors, principals, employees, or agents of Metropolitan, Oliphant, Inc., Oliphant United, LLC, AIM, Financial, CAG, Hollins, and OUSA, concerning (a) the transfer of funds from CAG to AIM or Financial; (b) the allocation of portfolio purchasing opportunities between CAG and AIM or Financial; (c) the September 2023 spin-off of CAG and Hollins; (d) the Consent and Waiver Agreement dated September 19, 2023; and (e) the Article 9 Sale noticed on March 20, 2026.

**Request No. 10: Oliphant USA and Financial General Ledger**

Produce all general ledgers for Oliphant USA from the date of Oliphant USA's first transaction with CAG and Oliphant Financial through the present, including but not limited to entries reflecting intercompany transactions, Notes Payable to or receivable from CAG or Financial, "Due to Affiliate" liabilities, portfolio acquisition costs, and wire transfers to or from CAG, AIM or Financial.

**Request No. 11: Support Details of Certain CAG Journal Entries in 2023**

Produce all supporting work papers, spreadsheets, agreements, and correspondence associated with each CAG journal ledger transaction included in Exhibit 1.

14.     Priority Group B encompasses broader discovery categories that, while important, are not required for the preliminary injunction hearing and may proceed on the standard 30-day response track.

## III.     LEGAL AUTHORITY

15.     Federal Rule of Civil Procedure 26(d)(1), incorporated by Bankruptcy Rule 7026, provides that "[a] party may not seek discovery from any source before the parties have conferred

as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." This Court has authority to order discovery to proceed on a schedule that departs from the standard timelines prescribed by the Federal Rules.

16. Section 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This broad grant of authority encompasses the power to expedite discovery where necessary to protect estate assets and facilitate the efficient adjudication of disputes involving property of the estate.

17. Local Rule 9014-1(e) provides that a motion for expedited hearing or expedited consideration "may be granted only for good cause stated in the pleading and shall contain a certificate of conference reflecting efforts to confer with adversely affected parties regarding the relief requested or the reasons why conferring was not possible or practical." The Rule further requires that the motion "contain a detailed statement as to the need for an expedited hearing and the date by which relief is needed." This Motion satisfies both requirements, as set forth herein.

18. Local Rule 2004-1(a) confirms that "[t]he provisions for examination under FRBP 2004 shall be inapplicable to adversary proceedings," requiring the Trustee to proceed through the formal discovery mechanisms of the Federal Rules. The Trustee's transition from Rule 2004 discovery to formal adversary discovery – and the attendant need for an order shortening the response time – flows directly from this procedural requirement.

## IV. GOOD CAUSE EXISTS FOR EXPEDITED DISCOVERY

19. Good cause exists for shortening Metropolitan's time to respond to the Trustee's Priority Group A discovery requests for the following reasons.

**a) The 14-Day Segregation Period is Finite and Imminent in its Expiration**

20. The Sale is anticipated to close on or about April 2 or 3, 2026. The 14-day segregation period therefore expires on or about April 16 or 17, 2026. Under the standard 30-day response period, Metropolitan's discovery responses would not be due until early May 2026 – more than two weeks after the segregation lapses – at which point Metropolitan would be free to distribute, apply, or otherwise dispose of the Net Proceeds. This timeline is fundamentally incompatible with the preservation of estate assets that the segregation agreement was designed to achieve.

**b) Expedited Discovery Could Resolve this Dispute and, if Not, the Trustee Intends to Seek a Preliminary Injunction Before the Segregation Expires**

21. Unless the Trustee determines that the transferred funds are not traceable to the Sale assets, which would moot this dispute, the Trustee intends to file a motion for a preliminary injunction before the expiration of the 14-day segregation period, seeking an order continuing the segregation of the Net Proceeds pending trial. A preliminary injunction hearing requires an evidentiary showing of a substantial likelihood of success on the merits of the constructive trust claim, which in turn requires production of bank statements, funds tracing records, and financial statements currently in Metropolitan's possession.

22. Metropolitan's own production on March 28, 2026, though incomplete, demonstrates that these materials exist and are accessible. The gaps in that production further underscore the need for a complete, expedited response.

**c) The Parties' Agreement Reflects Mutual Recognition of Urgency**

23. The March 30 email agreement itself reflects both parties' recognition that this dispute is time-sensitive. Metropolitan agreed to engage in "good faith on reasonable discovery

during this fourteen-day period." That commitment is rendered meaningless if Metropolitan is permitted to delay production until well after the segregation has expired. An order shortening the response time to seven (7) days for the Priority Group A requests simply holds Metropolitan to the spirit of its own undertaking.

24.     Metropolitan will not be prejudiced by an order shortening time. The Priority Group A categories are substantially similar to the discovery the Trustee has been requesting since January 2026 through the meet-and-confer process and the Rule 2004 examination framework. Metropolitan has had months to locate and organize these documents. Indeed, Metropolitan began producing responsive documents on March 28, 2026, demonstrating that the documents are accessible and that a 7-day production timeline is achievable.

## V.     RELIEF REQUESTED

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order:

a)  Requiring Metropolitan to respond to the Trustee's Priority Group A discovery requests (Document Request Nos. 1 through 11) within seven (7) days of the date of service of the discovery requests;
b)  Requiring Metropolitan to produce all responsive documents the Priority Group A discovery requests within the same 7-day period;
c)  Permitting the Trustee's Priority Group B discovery requests to proceed on the standard response track under the Federal Rules; and
d)  Granting such other and further relief as this Court deems just and appropriate.

Dated: April 2, 2026                     Respectfully submitted,

                                         */s/ Alicia M. Bendana*
                                         Alicia M. Bendana (Tex. Bar No. 24127388)
                                         Gabriel J. Winsberg, Admitted Pro Hac Vice
                                         **FISHMAN HAYGOOD, L.L.P.**
                                         201 St. Charles Avenue, Suite 4600
                                         New Orleans, Louisiana 70170-4600
                                         Telephone: 504-586-5254
                                         E-mail: abendana@fishmanhaygood.com
                                                 gwinsberg@fishmanhaygood.com
                                         *Counsel for Ron Satija, Chapter 7 Trustee*

10

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 9014-1(e), the undersigned counsel certifies that on April 1, 2026 and on April 2, 2026, counsel for the Trustee conferred with counsel for Metropolitan via email and was unable to resolve this motion by agreement. As evidenced by the email exchange which Metropolitan's counsel asks be provided to the Court, Metropolitan's position is that the Trustee's motions are unnecessary, and that a call to discuss discovery at 3:00 p.m. on April 6, 2026 is reasonable under the circumstances. *See* Exhibit B. The Trustee disagrees that the alternate relief Metropolitan offered sufficiently protects the estate's interests. *Id.*

*/s/ Alicia M. Bendana*
Alicia M. Bendana

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, a true and correct copy of the above and foregoing Motion was served on all counsel of record VIA ECF/CMF:

- **Kerry Alleyne-Simmons**   kalleyne@pulmanlaw.com, mvilla@pulmanlaw.com
- **Alicia Bendana**   abendana@fishmanhaygood.com, rmichel@fishmanhaygood.com;iatkinson@fishmanhaygood.com
- **Jason Bradley Binford**   jbinford@krcl.com, ajezisek@krcl.com
- **Josh Frost**   jfrost@lubbocklawfirm.com
- **Allison Sarah Hartry**   ahartry@themoralesfirm.com
- **Royal B. Lea**   royal@royallealaw.com, jennifer@royallealaw.com
- **Eugene Xerxes Martin**   xmartin@mgl.law, twallace@mgl.law
- **Evan T. Miller**   evan.miller@saul.com, robyn.warren@saul.com;sean.kenny@saul.com
- **Randall A. Pulman**   rpulman@pulmanlaw.com, jgonzales@pulmanlaw.com;mvilla@pulmanlaw.com
- **Shari P. Pulman**   spulman@pulmanlaw.com, pcarter@pulmanlaw.com
- **Michael P. Ridulfo**   mridulfo@krcl.com, scallier@krcl.com;mridulfo@ecf.courtdrive.com
- **Abigail Rogers**   arogers@krcl.com

- **David Philip Whittlesey**  david.whittlesey@aoshearman.com, ashley.duncum@aoshearman.com,managing-attorney-5081@ecf.pacerpro.com,manattyoffice@shearman.com

   I also caused same to be served via first class U.S. mail, postage prepaid to the following

on April 2, 2026:

Yusuf A. Bajwa
Sanders Bajwa LLP
919 Congress
Suite 1305
Austin, TX 78701

George L. Miller, Chapter 7 Trustee
c/o Saul Ewing LLP-Evan T. Miller, Esq.
1201 N Market St, Suite 2300
PO Box 1266
Wilmington, DE 19899

Jonathan M. Robbin
J. Robbin Law
200 Business Park Drive
Armonk, NY 10504

Lad Stricker
Sanders Bajwa LLP
919 Congress
Suite 1305
Austin, TX 78701

United States Trustee
615 E Houston St #533
PO Box 1539
San Antonio, TX 78295-1539

   I also caused same to be served via email to the following on April 2, 2026:

Bradley Hancock (brad.hancock@hklaw.com)
Kristi Soppet (Kristi.soppet@hklaw.com)
Jordan Koenig (Jordan.Koenig@hklaw.com)

/s/ Alicia M. Bendana
Alicia M. Bendana

12