

**IT IS HEREBY ADJUDGED and DECREED that the
below described is SO ORDERED.**

**Dated: June 02, 2026.**

_____
**MICHAEL M. PARKER**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE:<br>COLLINS ASSET GROUP, LLC,<br>    DEBTOR. | §<br>§<br>§<br>§ | CHAPTER 7: CASE NO. 25-51660-MMP |
| JUDY A. MUSGROVE, INDIVIDUALLY AND AS BENEFICIARY OF THE MAINSTAR TRUST, CUST. FBO JUDY A MUSGROVE IRA, ET AL.,<br>    PLAINTIFFS,<br><br>V.<br><br>BROOKLYNN CHANDLER WILLY, ET. AL.<br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADV. PROC. NO. 25-05047-MMP<br><br>REMOVED FROM THE 438TH JUDICIAL DISTRICT COURT, BEXAR COUNTY, TEXAS CASE NO. 2023-CI-22575 |
| JOHN PATRICK LOWE IN HIS CAPACITY AS COURT APPOINTED RECEIVER,<br>    PLAINTIFF,<br><br>V.<br><br>COLLINS ASSET GROUP, LLC, ET AL.,<br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**ORDER GRANTING TRUSTEE'S MOTION FOR PRELIMINARY INJUNCTION
REQUIRING CONTINUED SEGREGATION OF NET SALE PROCEEDS PURSUANT
TO FED. RULE BANKR. PRO. 7065, 11 U.S.C. § 105(a), AND FOR RELATED RELIEF**

1

On the 18th day of May 2026, came on for hearing in this proceeding the Trustee's Motion for Preliminary Injunction Requiring Continued Segregation of Net Sale Proceeds Pursuant to Fed. Rule Bankr. Pro. 7065, 11 U.S.C. § 105(a), and for Related Relief [Docket No. 164] (the "Motion"), filed by Ron Satija, the duly appointed Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Collins Asset Group, LLC (the "Debtor") and joined by the Musgrove Plaintiffs and John Patrick Lowe, State Court Receiver [Docket No. 178].  On May 18, 2026, Metropolitan filed a response in opposition to the Motion [Dkt. No. 176]. The following appearances were made:

**Alicia Bendana and Gabriel Winsberg**, Fishman Haygood, L.L.P., counsel for Ron Satija, Chapter 7 Trustee;

**Bradley Hancock and Jordan Koenig**, Holland & Knight LLP, counsel for Metropolitan Partners Group Administration, LLC;

**Randall Pulman**, Pulman LeFlore Pullen & Reed, LLP, counsel for the Musgrove Plaintiffs;

**Royal Lea**, Royal Lea Law Office, PLLC, counsel for John Patrick Lowe, State Court Receiver ("Receiver");

**Michael Ridulfo**, Kane Russell Coleman Logan PC, counsel for the Oliphant Entities;

**David Whittlesey**, Allen Overy Shearman Sterling US, LLP, counsel for Walt Collins.

At the May 18, 2026 hearing on the Motion:

(a) The Court heard argument from counsel, as well as testimony from expert witness, Pengfei Mao, CPA, and fact witness, Michael Crossan. Metropolitan was afforded the opportunity to *voir dire* Mr. Mao and cross examine both Mr. Mao and Mr. Crossan.

(b) The following exhibits were admitted at the hearing on the Motion:

    i.  Exhibits 1, 2, 3, 4, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22 filed with the Trustee's Motion [Docket No. 164].[1]

    ii.  Exhibits A & B attached to Exhibit 5 filed with the Trustee's Motion [Docket No. 164].

    iii.  Exhibits 1, 2, 3, and 4 filed with the Musgrove Plaintiffs and the Receiver's Joint Witness and Exhibit List for May 18, 2026 Hearing [Docket No. 179].

    iv.  Exhibit 5, offered by counsel for the Musgrove Plaintiffs at the hearing on the Motion.

(c) The following exhibits were excluded at the hearing on the Motion:

    i.  Exhibits 5, 8, and 20 filed with the Trustee's Motion [Docket No. 164].

(d) After considering the Motion, Metropolitan's Response [Docket No. 176], the Musgrove Plaintiffs and the Receiver's Joinder [Docket No. 178], the arguments of counsel, the testimony offered at the hearing on the Motion, and the admitted exhibits, the Court finds that, based on the Findings of Fact and Conclusions of Law read into the Record at the hearing on the Motion, the Trustee has satisfied his burden under Federal Rule of Civil Procedure 65, made applicable pursuant to Federal Rule of Bankruptcy Procedure 7065.

Based on the foregoing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is GRANTED as set forth herein.

2. Metropolitan, its agents, employees, attorneys, affiliated funds, and all persons acting in concert or participation with it, and any entity acting under its direction, are directed to continue to segregate $31,098,529.49 of the Net Proceeds from the Sale of the assets of AIM and Oliphant Financial in a separate, identifiable, interest-bearing account at an FDIC insured bank or SIPC insured broker-dealer, and to refrain from transferring, encumbering, dissipating, commingling, or otherwise disposing of the Net Proceeds, pending further order from the Court.

3. Metropolitan shall deliver on a monthly basis to counsel for the Trustee, the Receiver, and the Musgrove Plaintiffs a bank or brokerage statement demonstrating that the portion of the Net Proceeds subject to this Order have been deposited, segregated and are invested per the terms of this Order.

---

[1] The Court overruled Metropolitan's objections to the following exhibits to Trustee's Motion: 3, 4, 5a, 5b, 8, 9, 10, 11, 13, 18, 19, 20.

4. Nothing in this Order shall prohibit any party from moving to dissolve or modify the ordered injunction after sufficient discovery has been completed.

# # #

**SUBMITTED BY:**

Alicia M. Bendana (Tex. Bar No. 24127388)
Gabriel J. Winsberg, Admitted Pro Hac Vice
**FISHMAN HAYGOOD, L.L.P.**
**201 St. Charles Avenue, Suite 4600**
**New Orleans, Louisiana 70170-4600**
Telephone: 504-586-5254
Email: abendana@fishmanhaygood.com
        gwinsberg@fishmanhaygood.com
**Counsel for Ron Satija, Chapter 7 Trustee**

**APPROVED AS TO FORM:**

Jordan Koenig
Holland & Knight LLP
Counsel for Metropolitan Partners Group Administration, LLC