**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>COLLINS ASSET GROUP, LLC,<br><br>Debtor. | §<br>§<br>§<br>§<br>§ | CHAPTER 7<br>Case No. 25-10994-MMP |
| JUDY A. MUSGROVE, individually and as beneficiary of the Mainstar Trust, Cust. FBO Judy A Musgrove IRA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKLYNN CHANDLER WILLY, *et al.*<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adv. Proc. No. 25-05047-MMP<br><br>Removed from the 438th Judicial District Court, Bexar County, Texas<br>Case No. 2023-Cl-22575 |
| JOHN PATRICK LOWE in his capacity as Court Appointed Receiver,<br><br>Plaintiff,<br><br>v.<br><br>Collins Asset Group, LLC, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**DEFENDANT METROPOLITAN PARTNERS GROUP ADMINISTRATION, LLC'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS COUNT NINE OF THE SECOND**
**AMENDED COMPLAINT AND MOTION TO ABSTAIN**

**I.       PRELIMINARY STATEMENT**

The Trustee's opposition fails on both of its principal arguments. First, the Trustee cannot

moot a pending dispositive motion by filing a motion for leave to amend that has not been granted.

Until the Court acts on that request, the Second Amended Complaint, which was originally filed by the Receiver, remains the operative pleading and Metropolitan's motion remains live.

Second, the Trustee mischaracterizes the Receiver's standing defect as "prudential" and curable. It is not. The Trustee's own Motion to Substitute—filed one day after Count Nine was asserted—declared that the claim "is property of the Debtor's bankruptcy estate" and sought substitution to "align the asserted claims with the real party in interest." If the claim belonged to the estate when filed, the Receiver had no injury in fact and no Article III standing. That is a constitutional defect, not a procedural one, and no subsequent substitution or amendment can retroactively supply the jurisdiction that was absent at inception.

The Court should grant Metropolitan's Motion.

## II. METROPOLITAN'S MOTION IS NOT MOOT

The Trustee's lead argument is that the proposed Amended Complaint "supersedes" the Second Amended Complaint and renders Metropolitan's motion moot. This argument fails for a simple reason: the Trustee has filed only a motion for leave to amend [Dkt. No. 204], not an amended complaint as of right. Until the Court grants that motion, the Second Amended Complaint [Dkt. No. 102] remains the operative pleading. A pending motion for leave does not alter the operative complaint or divest the Court of authority to rule on a dispositive motion directed at the existing pleading.[1]

Moreover, even if the Court grants leave to amend, which it should not, Metropolitan's jurisdictional challenge to the claims asserted in the Second Amended Complaint remains. Subject-matter jurisdiction "depends upon the state of things at the time of the action brought." *Double*

---

[1] The Trustee's citation to *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), is inapposite because *King* involved an amended complaint that had actually been filed, not one merely proposed.

*Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019).[2] The Trustee cannot cure a jurisdictional defect at inception by filing a new complaint asserting different claims. The question is whether the Court had jurisdiction over Count Nine when the Receiver filed it on March 26, 2026; the Trustee's own papers confirm that the Receiver lacked standing when the complaint was filed. Indeed, the filing of the complaint was an attempt to avoid jurisdiction of the New York courts.

### III. THE STANDING DEFECT IS CONSTITUTIONAL, NOT PRUDENTIAL

#### A. The Receiver Lacked Article III Standing

The Trustee argues that the Receiver's lack of standing was merely "prudential" and therefore curable under Rule 17(a)(3). Resp., ¶¶ 25–27. This argument conflates two distinct doctrines.

*Lexmark* addressed whether a plaintiff fell within the "zone of interests" protected by a federal statute, which is a question the Court held was not truly about "standing" at all, but about the scope of the statutory cause of action. *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–28 (2014). It did not address whether a non-estate party has Article III standing to prosecute a cause of action that belongs to a bankruptcy estate. That question is governed by 11 U.S.C. §§ 323 and 541, and the Fifth Circuit has treated it as constitutional, not "prudential": "[i]f a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim." *Matter of Educators Grp. Health Tr.*, 25 F.3d 1281, 1284 (5th Cir. 1994).

The Receiver was not CAG. The Receiver was appointed over Ferrum Capital, which is a creditor of CAG, and not the debtor itself. When the Receiver filed Count Nine, the Receiver was asserting the estate's claim, not its own. The estate suffered the injury; the Receiver did not. A

---

[2] Metropolitan will address this argument in further detail in its forthcoming response to the Trustee's Motion for Leave to Amend.

plaintiff who asserts a claim belonging to another entity lacks the "injury in fact" required by Article III. *See Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022) (distinguishing Article III and prudential standing).

### B. Rule 17(a)(3) Does Not Cure Article III Defects

Rule 17(a)(3) provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed" for the real party in interest to be substituted. Fed. R. Civ. P. 17(a)(3). This provision addresses real-party-in-interest defects and not jurisdictional ones. As the Fifth Circuit has recognized, Rule 17(a)(3) "should be used to prevent forfeiture and injustice where the determination as to who may sue is difficult" or where "an understandable mistake has been made." *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001).

There was no "understandable mistake" here. The Trustee filed a Motion to Substitute one day after Count Nine was asserted and expressly acknowledged that the claims "are property of the Debtor's bankruptcy estate." [Dkt. No. 106] Mtn. to Subs., ¶ 8. The Receiver knowingly filed an estate claim it did not own. Nor was the Receiver's assertion of Count Nine the product of any honest confusion about who held the claim; it was a deliberate effort to position an estate claim in this forum and evade the first-filed action that Metropolitan had commenced against Ferrum in New York weeks earlier. The Trustee's own opposition confirms as much, acknowledging that the Receiver's Count Nine "sounded in conversion and UCC § 9.315 and sought recovery on behalf of the Ferrum Receivership Estate"—that is, it was the Receiver's claim, not the Trustee's. Resp., ¶ 1.

A party that knowingly asserts another's claim has not made the kind of "understandable mistake" that Rule 17(a)(3) was designed to excuse. That is not an "honest mistake" amenable to

cure under Rule 17(a)(3); it is the assertion of a claim by a party without constitutional standing to do so. *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 279 F.R.D. 395, 410–11 (S.D. Tex. 2011) (holding that Rule 17(a)(3) does not apply where the plaintiff lacked standing at filing and the mistake was not honest and understandable).

### C. The Trustee Cannot Abandon the Very Claim That Anchored His Substitution and Injunction While Evading Metropolitan's Jurisdictional Challenge

The Trustee's proposed Amended Complaint does not amend Count Nine—it abandons it. The Receiver's Count Nine sounded in conversion and UCC § 9.315. Conversely, the proposed Amended Complaint discards that claim entirely and substitutes wholly new causes of action.

The Trustee cannot have it both ways. He invoked the Receiver's Count Nine as the predicate for both his Rule 25(c) substitution and his preliminary injunction freezing $31,098,529.49. The Trustee represented that he had stepped into the Receiver's claim but now seeks to discard it. That is not amendment. It is dismissal and refiling by another name and designed to deprive Metropolitan of a ruling on a fully briefed, dispositive motion. The Court should grant Metropolitan's Motion aimed at the operative pleading.

Further, Metropolitan's participation in the preliminary-injunction proceedings did not waive its jurisdictional challenge. Indeed, a party cannot forfeit challenges to a party's Article III standing. *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019) ("[A]s a jurisdictional requirement, standing cannot be waived or forfeited.").

### D. The Trustee's Argument Is Internally Inconsistent

The Trustee simultaneously argues (a) that Count Nine was estate property when filed (to justify the substitution), and (b) that the Receiver had sufficient "related to" standing to invoke the Court's jurisdiction. Resp., ¶¶ 22–24. But "related to" jurisdiction under § 1334(b) goes to the Court's power over a proceeding, not to whether a particular plaintiff has standing to assert a

particular claim. The Fifth Circuit has stated: "it is the relation of dispute to estate, and not of party to estate, that establishes jurisdiction." *Matter of Zale Corp.*, 62 F.3d 746, 755 (5th Cir. 1995). That principle establishes the Court's subject-matter jurisdiction over the proceeding, but it does not confer Article III standing on a non-estate plaintiff to assert an estate-owned cause of action.

### IV. ABSTENTION REMAINS WARRANTED

The Trustee argues that abstention is inapplicable because the Amended Complaint asserts Bankruptcy Code claims that are core. Resp., ¶¶ 28–29. Even assuming that certain of the Trustee's proposed claims are core, several remain state-law claims, including aiding and abetting breach of fiduciary duty, civil conspiracy, constructive trust, and money had and received.

To the extent non-core state-law claims are asserted against Metropolitan, the mandatory abstention analysis set forth in Metropolitan's Motion applies with full force. *See In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) (mandatory abstention applies to non-core state-law claims).

### V. THE INJUNCTION DOES NOT RESOLVE THIS MOTION

The Trustee points to the Court's preliminary injunction freezing $31,098,529.49 in Article 9 sale proceeds as evidence of jurisdiction. The preliminary injunction, however, does not establish jurisdiction or substitute for an adjudication of the underlying claims. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (recognizing courts should resolve jurisdictional challenges before reaching merits). The motion to dismiss challenges the Court's authority to adjudicate Count Nine—nothing more.

### VI. RESERVATION OF RIGHTS

Metropolitan expressly reserves the right to file a motion to dismiss directed at the Trustee's Amended Complaint if the Court grants leave to amend. The Amended Complaint raises entirely new claims that were not part of the Second Amended Complaint and were never briefed

in connection with Metropolitan's motion. Metropolitan does not waive any defense, objection, or right by not addressing those claims here.

## VII. CONCLUSION

Metropolitan respectfully requests that the Court grant its motion and dismiss Count Nine under Rule 12(b)(1) for lack of subject-matter jurisdiction. In the alternative, the Court should abstain under 28 U.S.C. § 1334(c)(2). Metropolitan further reserves all rights to challenge the Trustee's proposed Amended Complaint if leave to amend is granted.

Dated: June 23, 2026

Respectfully Submitted,

**HOLLAND & KNIGHT, LLP**

/s/  *L. Bradley Hancock*
L. Bradley Hancock
Texas Bar No. 00798238
Christopher A. Bailey
Texas Bar No. 24104598
811 Main Street, Ste. 2500
Houston, Texas 77002
Tel.: 713.217.2886

Jordan T. Koenig (*admission pending*)
Texas Bar No. 24121702
1722 Routh St., Ste. 1500
Dallas, Texas 75201
Tel.: 214.969.1700

Email: brad.hancock@hklaw.com
        chris.bailey@hklaw.com
        jordan.koenig@hklaw.com

*Counsel for Metropolitan Partners*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, the foregoing document was served electronically on all parties entitled to service via the Court's Case Management/Electronic Case Files System ("CM/ECF"), including:

Kerry Alleyne-Simmons kalleyne@pulmanlaw.com,  mvilla@pulmanlaw.com

Jason Bradley Binford jbinford@krcl.com, ajezisek@krcl.com;rboley@krcl.com

Josh Frost jfrost@lubbocklawfirm.com

Allison Sarah Hartry ahartry@themoralesfirm.com

Royal B. Lea, III royal@royallealaw.com, jennifer@royallealaw.com

Eugene Xerxes Martin, IV xmartin@mgl.law, twallace@mgl.law

Evan T. Miller evan.miller@saul.com, robyn.warren@saul.com;sean.kenny@saul.com

-9-

Randall A. Pulman rpulman@pulmanlaw.com,  gonzales@pulmanlaw.com; mvilla@pulmanlaw.com

Shari P. Pulman spulman@pulmanlaw.com, pcarter@pulmanlaw.com

Michael P. Ridulfo mridulfo@krcl.com, scallier@krcl.com;mridulfo@ecf.courtdrive.com

Abigail Rogers arogers@krcl.com

David Philip Whittlesey david.whittlesey@aoshearman.com, ashley.duncum@aoshearman.com managing-attorney5081@ecf.pacerpro.com, manattyoffice@shearman.com,courtnotices@aoshearman.com

/s/  *Christopher A. Bailey*
Christopher A. Bailey